

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00205-CV

---

## IN THE INTEREST OF E.E., A CHILD

---

On Appeal from the 46th District Court
Wilbarger County, Texas
Trial Court No. 29,379, Honorable Cornell Curtis, Presiding

---

August 31, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, D.E. (Mother), appeals the trial court's final order terminating her parental rights to E.E.[1] Appellee is the Texas Department of Family and Protective Services. Through one issue, Mother challenges the sufficiency of the evidence supporting the trial court's finding that termination is in the child's best interest.

---

[1] To protect the child's privacy, we refer to Appellant as "Mother," the child by initials, the child's father as "Father," and the child's maternal great-aunt as "C.S." *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8 (a),(b). The final order Mother challenges on appeal also terminated the parental rights of Father. Father does not appeal.

Concluding sufficient evidence supports the challenged finding, we affirm the judgment of the trial court.

## Background

The Department filed its petition for protection, conservatorship, and termination regarding parental rights to E.E. on August 10, 2021. The statutory dismissal date was extended until February 11, 2023, by order.[2] Final hearing was tried to the bench over three days. Thereafter, the trial court signed a final order terminating Mother's parental rights to E.E. based on statutory predicate grounds (D), (E), (N), and (O) and a finding that termination was in E.E.'s best interest.[3]

## Analysis

On appeal, Mother does not challenge the evidence that she committed acts which the Family Code identifies as grounds for terminating her parental rights. Rather, Mother argues the evidence was insufficient to support the trial court's finding that termination of her rights was in the best interest of E.E. The applicable standards for reviewing the evidence in a termination-of-parental-rights case are discussed in our opinion in *In re Z.N.,* 616 S.W.3d 133, 135–36 (Tex. App.—Amarillo 2020, no pet.). The trial court as factfinder was the sole judge of the weight and credibility of the evidence and was entitled to believe all, some, or none of a witness's testimony. *In re A.M.,* No. 07-21-00052-CV,

---

[2] *See* TEX. FAM. CODE ANN. § 263.401(b).

[3] *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D),(E),(N),(O) and (2).

2021 Tex. App. LEXIS 5447, at *11 (Tex. App.—Amarillo July 8, 2021, pet. denied) (mem. op.).

For determining whether terminating Mother's parental rights to E.E. was in the child's best interest we consider the factors itemized in *Holley v. Adams,* 544 S.W.2d 367, 371–72 (Tex. 1976).[4]  Although the *Holley* list "is by no means exhaustive, [it] does indicate a number of considerations which either have been or would appear to be pertinent." *Id.* at 372.[5]  In some circumstances, evidence of even one *Holley* factor may be sufficient. *In re E.D.S.,* No. 07-22-00043-CV, 2022 Tex. App. LEXIS 3211, at *12 (Tex. App.—Amarillo May 11, 2022, no pet.) (mem. op.) (citing *Jordan v. Dossey,* 325 S.W.3d 700, 729 (Tex. App.—Houston [1st Dist.] 2010, pet. denied)).  "Evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest." *In re C.J.F.,* 134 S.W.3d 343, 354 (Tex. App.—Amarillo 2003, pet. denied).  The best interest analysis evaluates the best interest of the child, not the parent. *In re A.C.B.,* 198 S.W.3d 294, 298 (Tex. App.—Amarillo 2006, no pet.).

E.E. was age three at the time of final hearing and was therefore too young to express his custody wishes.  Early in the case, E.E. was placed with his maternal great-aunt, C.S., where he remained at the time of final hearing.  There was testimony that in

---

[4] The *Holley* factors are: (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals to promote the best interest of the child; (6) the plans for the child by these individuals or by the agency seeking custody; (7) the stability of the home or proposed placement; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent.  *Holley,* 544 S.W.2d at 371–72.

[5] *See In re R.R.,* 209 S.W.3d 112, 116 (Tex. 2006).

3

C.S.'s care E.E. was "thriving." The Department recommended the child's adoption by C.S.

E.E. was removed from Mother's care for exposure to drugs that produced a positive drug test for the infant. While the Department's case was pending, Mother pled guilty to a drug charge and was incarcerated in a state jail as a result. There was no evidence how Mother intended to maintain sobriety with the assistance of rehab or counseling or a support group. Her testimony that she had maintained sobriety for the three weeks between incarceration and final hearing provided the factfinder little opportunity to see Mother's risk of avoiding a relapse. *See In re B.J.B.,* No. 07-20-00278-CV, 2021 Tex. App. LEXIS 2732, at *8–9 (Tex. App.—Amarillo Apr. 9, 2021, pet. denied) (mem. op.) ("We may likewise measure a parent's future conduct by his or her past conduct when assessing the evidence of whether termination of parental rights is in the child's best interest."). The trial court as factfinder was entitled to infer from the evidence that Mother presented a substance abuse or addiction problem. In short, in the face of contrary evidence Mother presented nothing demonstrating how she intended to provide a safe, stable, drug-free, and loving home environment capable of meeting E.E.'s emotional and physical needs. *See In re M.R.,* 243 S.W.3d 807, 821 (Tex. App.—Fort Worth 2007, no pet.) ("A parent's drug use, inability to provide a stable home, and failure to comply with a family service plan support a finding that termination is in the best interest of the child.").

The evidence also shows that Mother and Father's relationship was abusive and violent. While they were together, Father regularly hit and choked Mother. Father had limited contact with E.E., but yelled and screamed at the child on one occasion.

4

Further, the evidence showed no meaningful effort on Mother's part to work available services while incarcerated.  Little was shown of her living arrangement after release, although she described her housing as a one-bedroom rental.  There was no evidence Mother had stable employment or a constant source of income; she cleaned a few houses while waiting to get "something going."  There was no evidence demonstrating how Mother intended to provide for E.E.'s physical and emotional well-being or for that matter how she intended to provide for herself.  For example, there was no evidence how E.E. would be accommodated in Mother's house and how he would be cared for should Mother find stable employment.

We conclude factually sufficient evidence supports the trial court's best-interest finding.  As such, the evidence is legally sufficient as well.  *See A. J. R. v. Tex. Dep't of Family & Protective Servs.,* Nos. 03-19-00661-CV, 03-19-00662-CV, 2020 Tex. App. LEXIS 2090, at *23 (Tex. App.—Austin Mar. 12, 2020, no pet.) (citing *In re M.V.G.,* 440 S.W.3d 54, 60 (Tex. App.—Waco 2010, no pet.) (mem. op.)).  Mother's best-interest challenge is overruled.

## Conclusion

Having overruled Mother's issue on appeal, we affirm the final order of the trial court.

Lawrence M. Doss
Justice